**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DENNIS GOYER,

Defendant-Appellant.

No. 06-3412
(D.C. No. 04-cr-20115-JWL)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **HENRY**, **LUCERO**, and **HOLMES**, Circuit Judges.

Defendant Dennis Goyer pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute more than 1000 kilograms of marijuana and more than 5 kilograms of cocaine and to one count of money laundering. His plea agreement states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prosecution, conviction and sentence." Motion to Enforce, Attach. 1 (Plea Agreement), at 16. More specifically, it recites that he "knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court," reserving the right to appeal only "to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." *Id*. at 16-17. Goyer appealed, and the government has moved to enforce his appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). We grant the motion and dismiss the appeal.

Under *Hahn*, we will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325. Goyer contends his appeal waiver was not knowing and voluntary.

Goyer seeks to appeal the district court's determination of his base offense level on the ground that the court improperly calculated the relevant quantity of drugs attributable to him. He also seeks to appeal the district court's sentence enhancements for being an organizer or leader and for obstructing justice. He contends that his appeal waiver was not knowing and voluntary because it omits language stating that he is waiving his right to challenge the district court's rulings on objections to the pre-sentence report. Without this language, he contends, the appeal waiver is ambiguous and might not be understood by a

defendant. Response to Motion for Enforcement of Plea Agreement, at 3-5. Goyer further contends that "the applicable guideline range" phrase is ambiguous because it assumes no errors by the court in calculating the range.

We first note that, in the context of an appeal waiver, this court has repeatedly "rejected the notion that a defendant must know with specificity the result he forfeits before his waiver is valid." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (quotation omitted). In *Hahn*, we rejected the argument, substantially similar to Goyer's argument here, that the defendant did not knowingly and voluntarily waive his appellate rights because he did not know in advance what sentencing errors the court would make. 359 F.3d at 1326.

Further, we find no ambiguity in the appeal waiver provision at issue here. The provision states in plain and clear English that defendant waives "any" right to appeal a sentence imposed which is within the guideline range "determined appropriate by the court." Plea Agreement, at 16. The latter phrase makes it clear that the court's determination of the appropriate guideline range sets the bounds of the waiver (permitting appeal only "to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court," Plea Agreement, at 17) and is not subject to any reasonable contrary interpretation. Goyer, in effect, seeks to delete this straightforward and obviously significant provision from the parties' agreement.

Moreover, at the plea hearing, the district court explained the sentencing process to Goyer at length, making clear that it would reach its own determination about the sentence, and that it was not bound by any party's recommendation. The court explained to defendant that he was agreeing to waive his right to appeal, and asked defendant if he understood that, "the bottom line then out of all this, the waiver of appeal and the waiver of collateral attack, is the sentence that this court gives you is, for all intents and purposes, the sentence that you will do." Motion to Enforce, Attach. 3 (Plea Hr'g Tr.), at 27. Goyer stated that he understood this.

Based on our review of the record, we conclude that Goyer knowingly and voluntarily waived his right to appeal. Accordingly, the government's motion is GRANTED and the appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM